Case No. SACV 18-00370-CJC(DFMx)            Date: March 9, 2018

Title: <u>BRIARWOOD SQUARE APARTMENTS, LP V. KINO CRAYON, *ET AL*.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Melissa Kunig</u>            <u>N/A</u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION AND MOTION TO REMAND**

    Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 9, 2018, at 1:30 p.m. is hereby vacated and off calendar.

    Before the Court is Plaintiff's motion to remand this case to Orange County Superior Court and *ex parte* application to shorten time on Plaintiff's motion to remand filed on March 8, 2018. (Dkts. 7, 8.) Plaintiff filed this unlawful detainer action in Orange County Superior Court on January 30, 2018. (Dkt. 1 Ex. A.) Defendants removed the action on March 7, 2018. (Dkt. 1 [Notice of Removal].)[1] The Court **GRANTS** Plaintiff's *ex parte* application and **GRANTS IN SUBSTANTIAL PART** Plaintiff's motion to remand as the Court lacks subject matter jurisdiction over the instant case. However, the Court **DENIES** Plaintiff's request for attorneys' fees.

    "The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great*

---

[1] Defendants removed this action after the 30 day deadline to file a motion to remove the action passed. *See* 28 U.S.C. § 1441. Defendants' Notice of Removal states that it was timely filed because "it is not barred by the provision of 28 U.S.C. § 1446(b)." (Dkt. 1 at 2.)

*N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. *Id.*; *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006); *Gaus*, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot.*, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

From a review of the Notice of Removal and the state court records provided, it is evident that the Court lacks subject matter jurisdiction over the instant case. The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California. Despite Defendants' assertion in the Notice of Removal that a federal question exists because the action "depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law," (Dkt. 1 at 2), the Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331.

Diversity jurisdiction is lacking, and the case is not removable on that basis either. The Complaint does not allege damages in excess of $75,000, and removing Defendants have not plausibly alleged that the amount in controversy requirement has been met. 28 U.S.C. §§ 1332(a), 1441(b)(2); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The underlying unlawful detainer action is a limited civil action that does not exceed $25,000.

Plaintiff requests attorneys' fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal." (Dkt. 8 at 11.) Plaintiff argues this case was removed in bad faith and as a dilatory tactic. (*Id*.) While the decision to award fees is in the trial court's broad discretion, "absent unusual circumstances, courts may award attorneys' fees . . . only where the removing party lacks an objectively unreasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

　　　　Here, the Court has found that Defendants' assertion of federal question jurisdiction was objectively unreasonable. The Court notes, however, that it is unaware of the circumstances surrounding Defendants' failure to pay rent that lead to this unlawful detainer action, and Defendants are proceeding *pro se*. "In determining whether to award attorneys' fees in cases involving improper removal by a *pro se* defendant, courts accord significant weight to the defendant's lack of representation." *Wells Fargo Bank, N.A. v. Hunt*, No. C10–04965JCS, 2011 WL 445801 at *5 (N.D. Cal., Feb.3, 2011) (collecting cases). Defendants do not have the benefit of legal counsel, thus it may not be readily apparent to them that their notice of removal lacked an objectively reasonable basis for asserting this Court has jurisdiction. *See OneWest Bank, FSB v. Mohr*, No. C10–00639SBA, 2010 WL 2721437 at *3 (N.D. Cal. July 7, 2010) (denying request for fees and costs, even where removal was untimely and objectively unreasonable, because defendants did not have the benefit of legal counsel). Defendants' lack of representation constitutes "unusual circumstances," and therefore the Court declines to award Plaintiff attorneys' fees. *See, e. g*., *Arden Mgmt., LLC v. Abdur-Raman*, No. CV 12-00898 MMM JCX, 2012 WL 589659, at *4 (C.D. Cal. Feb. 22, 2012) (declining to award fees in remanding unlawful detainer case because the defendant was *pro se*, even though his assertion of federal question jurisdiction was wrong as a matter of law); *Citibank N .A. v. Ortiz*, No. 08cv1301–LAB (RBB), 2008 WL 4771932, *2 (S.D. Cal. Oct. 28, 2008) (declining to award fees when remanding an unlawful detainer case removed by a *pro se* defendant, despite plaintiff's argument that the court should "construe the attempted removal as a tactic to delay and otherwise impede its right to recover possession of its real property").